DOCKET#
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

MAR 1 1 2009

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ROLEX WATCH U.S.A., INC.,

      Plaintiff,

                                Case No. 09-C-25

      v.

VINCENT F. BARRETT a/k/a
VINCE KONICEK, individually and
d/b/a WWW.TOPROLEXREPLICA.COM;
WWW.MAGNETICSERVICES.COM;
"VINCENTERPRISE"; "MAGNETIC
JEWELRY ORIGINALS PLUS MAGNETIC
HEALING AIDS"; "THE COMPLETE
MAGNETIC HEALTH STORE";
UNKNOWN WEBSITES 1-10;
UNKNOWN ENTITIES 1-10; and
"JOHN DOES" 1-10

      Defendants.

## FINAL JUDGMENT AND INJUNCTION BY DEFAULT

THIS CAUSE comes before the Court on the Motion of plaintiff Rolex Watch U.S.A., Inc. ("Rolex") for the entry of a Final Judgment and Injunction by Default against Vincent F. Barrett a/k/a/ Vince Konicek, individually and d/b/a www.toprolexreplica.com, www.magneticservices.com, "VincEnterprises", "Magnetic Jewelry Orginals Plus Magnetic Healing Aids" and"The Complete Magnetic Health Store" (hereinafter referred to as "Defendant"). The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Final Judgment and Injunction by Default against Defendant. Accordingly, the Court does hereby **ORDER, ADJUDGE AND DECREE** as follows:

1.       This Court has jurisdiction over the subject matter of this action.

2.       Venue is proper in the Western District of Wisconsin.

3 .      Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of Wisconsin, the United States Constitution and Rule 4 of the Federal Rules of Civil Procedure.

4.       Rolex is the owner of, including, but not limited to, the following federal trademarks (hereinafter collectively referred to as the "Rolex Registered Trademarks"), which are registered in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **PRESIDENT** | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ **CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| **GMT-MASTER** | 683,249 | 8/11/59 | Watches. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **OYSTER** | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/93 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/96 | Watches. |
| **DAYTONA** | 2,331,145 | 3/21/00 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/01 | Watches. |
| **TURN-O-GRAPH** | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/05 | Watches and parts thereof. |

5.       Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

6.      Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks.

7.      Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

8.      Rolex has used the Rolex Registered Trademarks in the United States and in interstate commerce for many years.

9.      The Rolex Registered Trademarks are entitled to protection under the federal trademark laws and under the laws of the State of Wisconsin.

10.     On January 14, 2009, Rolex filed its Complaint against Defendant.

11.     An examination of the Court's files and records in this case shows that on January 14, 2009, Defendant was served with a copy of the Summons and the Complaint in this action.

12.     Defendant failed to file an answer or otherwise defend in this action, as required by law.  Accordingly, following Rolex's application for the entry of default against Defendant, the Clerk of the Court entered a default against Defendant on February 12, 2009.

13.     As a result of Defendant's default in this action, Defendant is deemed to have admitted the allegations contained in Rolex's Complaint.

14.     Thus, the Court finds that Defendant is liable to Rolex on all Counts of the Complaint.  Therefore, Defendant is liable to Rolex for: willful and malicious trademark counterfeiting under federal law, 15 U.S.C. § 1114, et seq.; willful and malicious trademark infringement under federal law, 15 U.S.C. § 1114, et seq.; cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A); unfair competition, false designation of origin and false description under federal law, 15 U.S.C. § 1125(a); and unfair competition under the common law of the State of Wisconsin.

3

15.     As a result of Defendant's unlawful conduct, Rolex is entitled to the entry of a permanent injunction against Defendant.  Accordingly, the Court hereby permanently enjoins and restrains Defendant and his employees, agents, servants, successors and assigns, and all those acting in concert or participation therewith, from:

(a)     using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b)     engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c)     using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d)     further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)     engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h)     using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i)     hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j)     acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k)     using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)     having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m)     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n)     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

16.     Pursuant to and in accordance with 15 U.S.C. § 1117(c), the Court hereby Orders
$200,000.00
Defendant to pay Rolex the sum of $6,000,000.00, as an award of statutory damages for

Defendant's willful acts of trademark counterfeiting. Said award to Rolex shall bear interest from the date of this judgment at the rate provided by law.

17.     Pursuant to and in accordance with 15 U.S.C. § 1117(d), the Court hereby Orders Defendant to pay Rolex the sum of $100,000.00, as an award of statutory damages for Defendant's willful acts of cybersquatting. Said award to Rolex shall bear interest from the date of this judgment at the rate provided by law.

18.     Pursuant to and in accordance with 15 U.S.C. § 1117(a) and applicable law, Rolex shall also have and recover from Defendant: (a) attorneys' fees for the preparation and prosecution of this action against Defendant in the sum of $21,966.00, with interest thereon at the rate provided by law; and (b) costs incurred in this action in the sum of $1,645.25, with interest        thereon        at        the        rate        provided        by        law.

19.     The Court hereby Orders the immediate transfer to Rolex of the toprolexreplica.com website and domain name. Hence, as soon as Rolex provides a copy of this Final Judgment and Injunction by Default to the host, Internet Service Provider or registrar for the toprolexreplica.com website, such host, Internet Service Provider or registrar shall immediately transfer the toprolexreplica.com website and domain name to Rolex.

20.     Within ten (10) days of the date of this Final Judgment and Injunction by Default, Defendant shall take all steps necessary to remove from all websites Defendant owns or controls all text or any other media bearing Rolex Registered Trademarks or any marks confusingly similar hereto.

21.     Within thirty (30) days of the date of this Final Judgment and Injunction by Default, Defendant shall file and serve Rolex with a sworn statement setting forth in detail the

manner and form in which Defendant has complied with this Final Judgment and Injunction by Default, including its injunctive provisions.

22.     That Defendant be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

23.     Because the Court finds that Defendant's acts constitute willful and/or malicious injury to Rolex and/or Rolex's property under 11 U.S.C. § 523(a)(6), the sums awarded to Rolex herein are not dischargeable in any bankruptcy proceeding filed by Defendant.

24.     In the event Rolex seeks enforcement of any provision of this Final Judgment and Injunction by Default, Rolex shall serve Defendant by United States Mail with a copy of Rolex's enforcement application.  Such service shall be considered effective if Rolex sends a copy of Rolex's enforcement application to Defendant at the following addresses:

Vincent F. Barrett a/k/a/ Vince Konicek
429 Pearl Street, Unit 1
Poynette, WI 53955

25.     The terms of this Final Judgment and Permanent Injunction shall govern and bind the activities of Defendant, his agents, servants, employees, and attorneys, and all persons in active concert or participation therewith.

26.     The Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Final Judgment and Injunction by Default.

Date: _March 11_ , 2009.

_Barbara B. Crabb_
Honorable Barbara R. Crabb
United States District Court Judge

7