UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROLEX WATCH U.S.A., INC.,

      Plaintiff,

                                  Case No. 09-C-25

v.

VINCENT F. BARRETT a/k/a
VINCE KONICEK, individually and
d/b/a **WWW.TOPROLEXREPLICA.COM**;
**WWW.MAGNETICSERVICES.COM**;
"VINCENTERPRISE"; "MAGNETIC
JEWELRY ORIGINALS PLUS MAGNETIC
HEALING AIDS"; "THE COMPLETE
MAGNETIC HEALTH STORE";
UNKNOWN WEBSITES 1-10;
UNKNOWN ENTITIES 1-10; and
"JOHN DOES" 1-10

      Defendants.

## CONTEMPT ORDER

**THIS CAUSE** comes before the Court on the Motion of Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") for the entry of a Contempt Order against Vincent F. Barrett a/k/a/ Vince Konicek, individually and d/b/a www.toprolexreplica.com, www.magneticservices.com, "VincEnterprises", "Magnetic Jewelry Orginals Plus Magnetic Healing Aids" and "The Complete Magnetic Health Store" (hereinafter referred to as "Defendant"). The Court, having considered all pleadings, all other documents filed in this action, oral argument of the parties and the testimony of Defendant, hereby directs the entry of this Contempt Order against Defendant. Accordingly, the Court does hereby **ORDER** as follows:

1. On March 11, 2009, upon motion by Rolex for default judgment, and after a hearing on March 11, 2009, the Court found Defendant liable to Rolex on all Counts of the Complaint, including: willful and malicious trademark counterfeiting under federal law, 15 U.S.C. § 1114, et seq.; willful and malicious trademark infringement under federal law, 15 U.S.C. § 1114, et seq.; cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A); unfair competition, false designation of origin and false description under federal law, 15 U.S.C. § 1125(a); and unfair competition under the common law of the State of Wisconsin.

2. As a result of Defendant's unlawful conduct, the Court entered a Final Judgment and Injunction by Default against Defendant on March 11, 2009, ordering, *inter alia*:

    a. Defendant to pay Rolex the sum of $200,000, as an award of statutory damages for Defendant's willful acts of trademark counterfeiting, bearing interest from the date of this judgment at the rate provided by law;

    b. Defendant to pay Rolex the sum of $100,000, as an award of statutory damages for Defendant's willful acts of cybersquatting, bearing interest from the date of this judgment at the rate provided by law;

    c. Defendant to pay (a) attorneys' fees for the preparation and prosecution of this action against Defendant in the sum of $21,966.00, with interest thereon at the rate provided by law; and (b) costs incurred in this action in the sum of $1,645.25, with interest thereon at the rate provided by law;

    d. Defendant immediately transfer to Rolex the toprolexreplica.com website and domain name to Rolex;

    e.    Defendant to file and serve Rolex with a sworn statement setting forth in detail the manner and form in which Defendant has complied with this Final Judgment and Injunction by Default, including its injunctive provisions; and

    f.    Defendant to deliver up for destruction to Rolex all unauthorized materials bearing any of Rolex's federally registered trademarks (hereinafter referred to as the "Rolex Registered Trademarks") in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

3.    In addition, the Court permanently enjoined and restrained Defendant and his employees, agents, servants, successors, and assigns, and all those acting in participation therewith, from, *inter alia*, engaging in any conduct constituting an infringement of any Rolex Registered Trademarks.

4.    The Court finds the following:

    a.    that Defendant, subsequent to the date of the Final Judgment and Injunction by Default against Defendant, placed an advertisement on the classified ad website www.craigslist.org for the sale of wrist watches, and through this advertisement sold unauthorized products bearing counterfeits of Rolex Registered Trademarks;

    b.    that subsequent to the Final Judgment and Injunction by Default against Defendant, Defendant listed for sale on the website www.onlineauction.com wrist watches bearing counterfeits of Rolex Register Trademarks;

    c.    that Defendant had in his possession wrist watches as of April 1, 2009, and had not surrendered to Rolex, unauthorized materials bearing Rolex Registered Trademarks, contrary to the Court's Final Judgment and Injunction by Default; and

    d.    that Defendant represents to the Court that he has distributed two (2) watches in response to the classified ad on www.craigslist.org and that his total profits for such sales are $160.10,

5. The Court finds that Defendant's conduct willfully infringes Rolex Registered Trademarks in violation of the Court's Final Judgment and Injunction by Default against Defendant, and accordingly holds Defendant in contempt.

6. Defendant is ordered to comply with the Final Judgment and Injunction by Default. In particular, Defendant is again ordered immediately to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

7. Defendant is ordered to give a full accounting within 24 hours of this Order to Rolex of all wrist watches Defendant has sold from the date of the Final Order and Injunction by Default, March 11, 2009, to present. Defendant is hereby order to pay in damages to Rolex the profits made from such sales noted above or $160.10, and that due to the willful nature of Defendant's conduct, such damages shall be trebled to $480.30.

8. Defendant is order to pay (a) attorneys' fees for the preparation and prosecution of this motion for contempt against Defendant in the sum of $20,878.00, with interest thereon at the rate provided by law; and (b) costs, including investigative costs, incurred in preparation and prosecution of this motion for contempt, in the sum of $1,838.34, with interest thereon at the rate provided by law.

9. Defendant is ordered to pay to Rolex all sums awarded under the Final Order and Injunction by Default, totaling $323,611.25, and all sums awarded in accordance with this Order,

totaling $23,196.64, no later than October 1, 2009, which between the two awards totals $346,807.89. Failure to make such payment by October 1, 2009, shall be a violation of this Order.

10. Because the Court finds that Defendant's acts constitute willful and/or malicious injury to Rolex and/or Rolex's property under 11 U.S.C. § 523(a)(6), the sums awarded to Rolex in its Final Order and Injunction by Default and this Order are not dischargeable in any bankruptcy proceeding filed by Defendant.

11. In the event Rolex seeks enforcement of any provision of the Final Judgment and Injunction by Default or this Order, Rolex shall serve Defendant by United States Mail with a copy of Rolex's enforcement application. Such service shall be considered effective if Rolex sends a copy of Rolex's enforcement application to Defendant at the following addresses:

> Vincent F. Barrett a/k/a/ Vince Konicek
> 429 Pearl Street, Unit 1
> Poynette, WI 53955

12. The terms of the Final Judgment and Permanent Injunction in this case, dated March 11, 2009, and this Order shall govern and bind the activities of Defendant, his agents, servants, employees, and attorneys, and all persons in active concert or participation therewith.

13. The Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of the Final Judgment and Injunction by Default and this Order.

Date: __April 6__, 2009.

*Barbara B. Crabb*
Honorable Barbara R. Crabb
United States District Court Judge

5