IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROLEX WATCH U.S.A., INC.,

                                                                                  ORDER

                 Plaintiff,

                                                               09-cv-025-slc

      v.

VINCENT F. BARRETT a/k/a VINCE KONICEK,
individually and d/b/a WWW.PROLESREPLICA.COM,
WWW.MAGNETICSERVICES.COM, "VINCENTERPRISE"'
"MAGNETIC JEWELRY ORIGINALS PLUS MAGNETIC
HEALING AIDS", "THE COMPLETE MAGNETIC HEALTH
STORE", UNKNOWN WEBSITES 1-10, UNKNOWN ENTITIES
1-10, and "JOHN DOES" 1-10,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 11, 2009, I entered default judgment in this case against defendant Vince Konicek entering a permanent injunction and awarding money damages to plaintiff. On April 6, 2009, I entered an order finding defendant in contempt for failure to comply with the judgment.

       Now defendant has filed a notice of appeal of the judgment. Because he has not paid the $455 fee for filing a notice of appeal, I construe the notice as including a request for

1

leave to proceed in forma pauperis on appeal.

As an initial matter, I note that defendant's appeal may be untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). The district court's role with respect to an appeal is limited. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or if the litigant is a prisoner and has three strikes. § 1915(a)(1), (3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir 1998).

Defendant's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith. He has no legally meritorious basis for the appeal.

Because I am certifying defendant's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, defendant has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that defendant intends to present on appeal. Also, defendant's motion

must be accompanied by a copy of this order.  Defendant should be aware that these documents should be filed in addition to the notice of appeal he has previously filed.  If defendant does not file a motion requesting review of this order, the court of appeals may not address the denial of leave to proceed in forma pauperis on appeal.  Instead, it may require defendant to pay the entire $455 filing fee before it considers his appeal.  If defendant fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that request of defendant Vince Konicek for leave to proceed in forma pauperis on appeal, dkt. #38, is DENIED.  I certify that his appeal is not taken in good faith.

Entered this 9th day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3